## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05-CR-85 |
| ) | |
| REGINALD COVERSON, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

This matter is before the Court on the Motion for Grand Jury Logs and Transcripts, filed by Defendant, Reginald Coverson, on April 12, 2013. (DE #129.) For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

In his most recent motion, Defendant, Reginald Coverson ("Coverson"), has asked the Court "to produce all the grand jury logs and transcripts in the above cause number." (DE #129.) He states that he will pay for all of these transcripts and logs "at whatever cost." (*Id.*) He does not, however, indicate what he intends to use such information for.

The Court notes that Coverson has already filed a direct appeal in this case, and on March 20, 2007, the United States Court of Appeals for the Seventh Circuit affirmed the judgment of this Court. (*See* DE #49.) Coverson later filed a petition for a writ

of certiorari to the Supreme Court of the United States, which was denied on November 26, 2007. Coverson petitioned the Supreme Court for rehearing, but that request was denied on January 14, 2008. Coverson then filed a motion pursuant to 28 U.S.C. section 2255. (DE #73.) On August 4, 2011, this Court denied Coverson's section 2255 motion. (DE #84.) Coverson appealed that decision, but the United States Court of Appeals for the Seventh Circuit found no substantial showing of the denial of a constitutional right and, thus, denied Coverson's request for a Certificate of Appealibility on May 10, 2012. (DE #128-1.)

DISCUSSION

Grand jury materials are ordinarily kept secret because our judicial system has recognized that the proper functioning of grand jury proceedings depends upon their absolute secrecy. *See Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure Rule 6(e) codifies the rule that grand jury proceedings should be kept secret. *See* Fed. R. Crim. P. 6(e). "[P]arties seeking disclosure of grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Matter of Grand Jury Proceedings, Special Sept., 1986,*

942 F.2d 1195, 1198 (7th Cir. 1991) (citing *Douglas Oil Co.*, 441 U.S. at 222). Grand jury secrecy may not be broken except where the party seeking disclosure can show a "compelling necessity" or a "particularized need." *Id.* Our circuit has held that "[i]n determining whether disclosure of grand jury matters is appropriate in any given case, a court must exercise substantial discretion, weighing the need for secrecy against the need for disclosure of specified documents and testimony occurring before the grand jury." *Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1088 (7th Cir. 1982) (superseded on other grounds)(citing *Douglas Oil Co.*, 441 U.S. at 223-24).

Here, Coverson does not even attempt to state what he needs the requested grand jury materials for; he simply appears to be fishing for general information related to his criminal cause number. As such, Coverson has failed to demonstrate either a compelling necessity or a particularized need for the requested grand jury logs and testimony. *See, e.g., United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978) (finding a defendant seeking the production of grand jury transcripts must do more than make general unsubstantiated or speculative allegations of impropriety to prevail under Rule 6(e)(3)(c)(ii) (the former rule)). "The secrecy of a grand jury proceeding is not to be pierced by such a slender reed: a mere possibility of benefit does not satisfy the required showing of particularized need." *Matter*

*of Jury Proceedings*, *Special Sept., 1986*, 942 F.2d at 1199 (citations omitted); *see also United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984) (unsupported speculation that insufficient evidence was presented to the grand jury to sustain the indictment failed to overcome presumption of secrecy). As such, Coverson's motion is **DENIED**.

CONCLUSION

For the reasons stated above, the Motion for Grand Jury Logs and Transcripts, filed by Defendant, Reginald Coverson, on April 12, 2013 (DE #129), is **DENIED**.[1]

**DATED: May 2, 2013**     /s/ RUDY LOZANO, Judge
                           **United States District Court**

---

[1] Coverson also sent a letter to the Clerk of the Court asking for a "copy of Docket Sheet entries" numbers 3, 6, and 7. (*See* DE # 130.) The Court notes that DE #3 and DE #6 are minute entries. To that extent, the Court **ORDERS** the Clerk to send a copy of the docket sheet to Coverson at his most recent address along with a copy of this Order. As for DE #7, which is the Indictment, the Court **ORDERS** that the Clerk also send Coverson a copy of the Indictment along with the previously mentioned materials; however, the Court notes that any additional requests for copies may be subject to copying and mailing fees.