**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05-CR-85 |
| ) | |
| REGINALD COVERSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the "Petition for Criminal Rule 36," filed by defendant, Reginald Coverson, on February 6, 2015. (DE #143.) For the reasons set forth below, the Court construes this filing as a successive motion pursuant to 28 U.S.C. section 2255, and it is **DISMISSED** for want of jurisdiction. Furthermore, this Court declines to issue a certificate of appealability.

BACKGROUND

In 2005, Defendant, Reginald Coverson ("Coverson"), pled guilty to five counts of distributing crack cocaine and one count of possessing crack with intent to distribute in violation of 21 U.S.C. section 841(a)(1). He was sentenced by this Court to 328 months imprisonment.[1] Coverson filed a direct appeal, and on March 20, 2007, the United States Court of Appeals for the Seventh

---

[1] Coverson's sentence was subsequently reduced (twice) pursuant to retroactive applications of the Sentencing Guidelines.

Circuit affirmed the judgment of this Court. (DE #49.) Coverson later filed a petition for a writ of certiorari to the Supreme Court of the United States, which was denied on November 26, 2007. Coverson petitioned the Supreme Court for rehearing, but that request was denied on January 14, 2008. Coverson then filed a motion pursuant to 28 U.S.C. section 2255. (DE #73.) On August 4, 2011, this Court denied Coverson's section 2255 motion. (DE #84.) Coverson appealed that decision, but the United States Court of Appeals for the Seventh Circuit found no substantial showing of the denial of a constitutional right and, thus, denied Coverson's request for a Certificate of Appealibility on May 10, 2012. (DE #128-1.)

In his current motion, Coverson states that he wishes to use Rule 36 as a vehicle "to correct the PSR's clerical error and correct the misapplied Guidelines." (DE #143, p. 1.) Coverson takes issue with two state court convictions which he claims were improperly calculated and misapplied to his Sentencing Guidelines calculations. (*Id*. at 2.) He argues that the "clerical error" in the PSR was a "clear violation of [his] six (sic) amendment right to effective council (sic) . . . [that] violates [his] due process right to be sentenced on accurate sentencing information." (*Id*. at 4.) He claims that his sentence was "tainted by misinformation of constitutional magnitude." (*Id*.)

DISCUSSION

Following a direct appeal, a defendant generally has one opportunity to challenge his conviction and sentence. *Suggs v. United States*, 705 F.3d 279, 281-82 (7th Cir. 2013); 28 U.S.C. § 2255(a), (h). Should a defendant wish to file a second or successive section 2255 motion challenging that same conviction or sentence, he must first gain authorization to do so from the court of appeals; otherwise, the district court does not have jurisdiction to consider the motion. *Suggs*, 705 F.3d at 282; 28 U.S.C. §§ 2244(a)-(b), 2255(h). In general, only those successive motions which challenge the underlying conviction and present newly discovered evidence of defendant's innocence or rely on a new retroactive constitutional law will be certified by the court of appeals for district court review. *Suggs*, 705 F.3d at 282-83; 28 U.S.C. § 2255(h). "No matter how powerful a petitioner's showing, only [the Seventh Circuit] may authorize the commencement of a second or successive petition." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). As the *Nunez* Court explained:

> From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. . . . A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez*, 96 F.3d at 991.

When presented with a motion challenging a defendant's sentence, a court must look to the substance of a motion (no matter what it is titled) to determine whether it is filed pursuant to 28 U.S.C. section 2255 because:

> [p]risoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original) (internal citations omitted). In *United States v. Williams*, the Seventh Circuit determined that a defendant's Rule 36 motion was properly treated as a successive section 2255 motion when, in substance, it sought to challenge defendant's underlying conviction. See *United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015). "Rule 36 permits a district court to ensure that the record accurately reflects judicial decisions but does not authorize a challenge to the substance of those decisions." *Id.* (citing *United States v. McHugh*, 528 F.3d 538 (7th Cir. 2008)). Calculations in the PSR based on the nature of a defendant's convictions are substantive rather than clerical and may not be challenged post-conviction pursuant to Rule 36 when

4

the issue was not pursued on direct appeal. *Id*.

Here, Coverson asks this Court to "correct" the calculations in the PSR as well as the "misapplied Guidelines." His implied request for a lower sentence, which has not been authorized by a retroactive change in the Sentencing Guidelines, shall be treated as a motion under section 2255, despite the title of his document. Because Coverson has already filed a section 2255 motion with this Court, his current motion is considered a successive collateral attack on his conviction or sentence. Coverson has not obtained (or even sought as far as this Court is aware) permission from the Seventh Circuit Court of Appeals to file this successive section 2255 motion, and, therefore, it is **DISMISSED** for lack of jurisdiction.

## CERTIFICATE OF APPEALIBILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000) (internal quotation marks and citation omitted).

Based on the foregoing, the Court concludes that Coverson's motion is successive and has not been certified by the Seventh Circuit Court of Appeals. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth above, the Court construes the "Petition for Criminal Rule 36," filed by defendant, Reginald Coverson, on February 6, 2015 (DE #143), as a successive motion pursuant to 28 U.S.C. section 2255, and it is **DISMISSED** for want of jurisdiction. Furthermore, this Court declines to issue a certificate of appealability.

**DATED: April 15, 2015**  /s/ RUDY LOZANO, Judge
**United States District Court**