UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:05-CR-85-TLS |
| | ) | (2:18-CV-334) |
| REGINALD J. COVERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Defendant, Reginald J. Coverson, is serving a sentence after pleading guilty in 2005 to five counts of distributing crack cocaine and one count of possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). This matter is before the Court on a motion the Defendant has titled "Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or § 2255" [ECF No. 165], filed on September 4, 2018.

The Court denied the Defendant's original Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 73], in an Opinion and Order [ECF No. 84] dated August 4, 2011. The Defendant then filed a motion he titled "Petition for Criminal Rule 36" [ECF No. 143] in which he asked for a modification of his sentence based on an alleged "clerical error"—namely that the Court had incorrectly calculated his criminal-history under the United States Sentencing Guidelines (USSG) by including a battery conviction that was more than ten years old. On April 15, 2015, the Court issued an Opinion and Order [ECF No. 145] construing the Defendant's filing as a successive § 2255 motion and dismissing it as unauthorized. The Defendant did not file an appeal.

The Defendant's instant motion argues the same alleged sentencing error and urges the Court to consider it on the merits because "[t]he Supreme Court has just ruled that failure to correct a plain error USSG error (sic) would seriously affect the fairness, integrety (sic), and public reputation of judicial proceedings" [ECF No. 165, p. 6] (citing *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018)).

Prisoners are barred from filing second or successive habeas petitions unless they obtain certification to do so from the court of appeals. *See* 28 U.S.C. § 2255(h) (providing that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016) (stating that "Section 2255(h) permits a *court of appeals* to authorize a successive collateral attack" (emphasis added)); *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition." (citing *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007))); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) (holding that unless the defendant "seeks and obtains permission from the court of appeals to file [a second or successive] motion, the district court is without jurisdiction to entertain his request").

Here, this Court is precluded from considering whether the Defendant's claim has any merit because he has not received permission from the Seventh Circuit to file it. In fact, on September 12, 2018, the Seventh Circuit specifically denied the Defendant authorization to proceed and dismissed his application, stating:

> Now, raising the same alleged sentencing error as before, Coverson applies under 28 U.S.C. § 2244(b)(3) for authorization to file a successive motion to vacate his sentence. Because the claim was already presented in a previous application, however, it is barred by § 2244(b)(1). Moreover, even if the claim

2

were new, Coverson's application would fail because it does not rely on a new rule of constitutional law[1] or a factual predicate that could not have been discovered previously through the exercise of due diligence. *See id.* § 2244(b)(2).

[ECF No. 166, p. 2.]

Because the Defendant has not obtained approval from the court of appeals before filing this successive motion attacking his conviction, the Court must dismiss it for lack of jurisdiction. *See Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012) (confirming that the district court appropriately dismissed a motion construed as a successive § 2255 because only the court of appeals may authorize the commencement of a second or successive collateral motion) (citing *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)); *see also Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000) (criticizing the district court for dismissing a second habeas motion as untimely where the defendant had not demonstrated compliance with conditions for filing such a motion because the "court should not have entertained the motion at all").

## CONCLUSION

For the reasons set forth above, the Court DISMISSES FOR LACK OF JURISDICTION the Defendant's Motion [ECF No. 165].

---

[1] The Defendant cites to *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018), which was decided on June 18, 2018, several months before the Seventh Circuit's Order dismissing his application. The Court notes that *Rosales-Mireles* has not been made retroactively available to cases on collateral review. The Court further notes that *Rosales-Mireles* involves the interpretation of Federal Rule of Criminal Procedure 52(b), which applies to direct appeals and is discretionary in nature; the scope of review for § 2255 cases is significantly more narrow. *See e.g., United States v. Ortiz*, No. CR 11-251-08, 2018 WL 4006335, at *3 (E.D. Pa. Aug. 21, 2018); *Nobrega v. United States*, No. 1:10-CR-00186-JAW, 2018 WL 3323759, at *2 (D. Me. July 6, 2018).

SO ORDERED on October 5, 2018.

                                              s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT